IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 20-CR-2016-CJW |
| vs. | ) | |
| DUSTIN HERHOLD, | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

In anticipation of the combined plea and sentencing hearing currently set on January 8, 2020, the United States hereby provides its sentencing memorandum.

**A.  Government Witnesses**

None.

**B.  Government Exhibits to be Filed**

None.

**C.  Sentencing Issues**

1. Agreement Between the Parties

The government has agreed not to pursue the five level pattern enhancement pursuant to USSG §4B1.5(b)(1). (PSR ¶ 25). Defendant has agreed to withdraw his objections to the special Condition of Supervision requiring no contact with minors. (PSR ¶ 71). Defendant has agreed to withdraw his objection to the special Condition of Supervision as it relates to parks and wilderness areas. (PSR ¶ 72).

1

Defendant has agreed to withdraw his objection to special Condition of Supervision and the Special Condition of Supervision requiring no contact with "Sara." (PSR ¶ 73). Defendant and the government have agreed that the written terms of this condition may replace the name "Sara" with "any individuals with whom defendant engaged in communication online in the course of the instant offense" or words similar to that effect. Accordingly, defendant's new offense level is as follows:

```
BOL  32
     +2 (minor 12-16)
     +2 (computer)
     36
     -3 (acceptance)
     33
```

At a criminal history category II, defendant's guidelines range is 151-188. **The government and defendant have agreed to a joint recommendation to a sentence of imprisonment of 188 months.**

2. Assessments

Defendant continues to object to the following assessments based on indigence: (1) the $5,000 assessment pursuant to the Justice for Victims of Trafficking Act of 2015 (JVTA) assessment, 18 U.S.C. § 3014 (PSR ¶ 84) and (1) the assessment of up to $50,000 pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA), 18 U.S.C. § 2259A. (PSR ¶ 84A).

Pursuant to JVTA, under the guidelines, defendant has the burden to establish that he is unable to pay a fine. USSG §5E1.2(a): *United States v. Harper*,

2

787 F.3d 910, 915 (8th Cir. 2015) (citing USSG §5E1.2(a) and noting defendant "bore the burden of proving his inability to pay a fine within the Guidelines range.").

Under *United States v. Kelley*, 861 F.3d 790 (8th Cir. 2017), an analysis of a defendant's "current financial situation and his ability to pay in the future is appropriate in determining his non-indigent status." *Id.* at 801. However, in the event that defendant has no money remaining after the imposition of the $100 in special assessment under 18 U.S.C. § 3013, then he will be indigent, and the $5,000 special assessment under 18 U.S.C. § 3014 will likely not apply.

Any monetary penalties imposed under AVAA are separate and distinct from restitution and there is no requirement of proof of a victim or losses. *United States v. Madrid*, 978 F.3d 201, 206 (2020). While the assessment is mandatory, a consideration of defendant's financial status, as well as the 18 U.S.C. § 3553(a) factors, is applicable and may be considered by the Court. 18 U.S.C. § 2259A.

Respectfully submitted,

PETER E. DEEGAN, JR.
United States Attorney

By: */s/Liz Dupuich*

LIZ DUPUICH
Assistant United States Attorney
111 7th Street, SE Box 1
Cedar Rapids, IA 52401
(319) 363-6333
(319) 363-1990 - fax
elizabeth.dupuich@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2020electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: /s/ HAD

3